UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN K. RUBY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 3:19-CV-429 RLM-MGG |
| | ) |
| STATE OF INDIANA, et. al., | ) |
| | ) |
|     Defendants. | ) |

OPINION AND ORDER

Brian K. Ruby, a prisoner without a lawyer, filed a complaint (ECF 2) against the State of Indiana, Deputy Prosecuting Attorney Ronald Byal, Attorney Gary Cook, and Deputy Public Defender John Pinnow, because they allegedly breached a May 6, 2009, agreed order of judgment in his criminal case. Mr. Ruby also filed a motion seeking preliminary injunctive relief. ECF 4.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). The court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. Whirlpool Fin. Corp. v. GN Holdings, Inc., 67

F.3d 605, 608 (7th Cir. 1995). A plaintiff can plead himself out of court if he pleads facts that preclude relief. See Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

Mr. Ruby's complaint asserts that he learned in May 2019 that the defendants had breached the agreed order in his criminal case, which detailed the disposition of $821.00 seized by the Kokomo Police Department. ECF 2 at 4; 2-1 at 1-2. In that agreed order, the parties stipulated that $410.50 of the $821.00 would be forfeited to the Howard County Law Enforcement Fund and the other half would be returned to Mr. Ruby or his attorney. ECF 2-1 at 1. They further stipulated that "this agreement shall [not] be used in any manner against the defendant in any criminal proceeding." *Id.* Mr. Ruby claims that the agreed order not only fraudulently induced him to go to trial but was actually used as a means by which to convict him on multiple drug charges. Mr. Ruby seeks both monetary damages and injunctive relief from this court.

Mr. Ruby can't sue the defendants he has named in his complaint under 42 U.S.C. § 1983. He first names the State of Indiana as a defendant. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action when Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking

2

prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress didn't abrogate the States' immunity through the enactment of Section 1983. Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Indiana hasn't consented to this lawsuit. The State of Indiana must be dismissed.

Mr. Ruby has also sued Deputy Prosecuting Attorney Ronald Byal asserting that he breached the agreed order by prosecuting him "beyond the limits" of that agreement. ECF 2 at 4. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003). Because the doctrine of prosecutorial immunity applies, Mr. Ruby can't proceed on a claim for damages against Deputy Prosecuting Attorney Byal.

Mr. Ruby has sued Deputy Public Defender John Pinnow and Attorney Gary Cook. He alleges that Mr. Pinnow improperly withdrew from his case and stated in a post conviction relief memorandum that the State hadn't violated the agreed order. ECF 2 at 4-5; 2-1 at 15. Mr. Ruby further asserts that Mr. Cook, who also represented him, told him in a July 2, 2010, letter that the agreed order wouldn't be considered on appeal. ECF 2 at 4. "In order to state a claim under [42 U.S.C.]

3

§ 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). A criminal defense attorney, even an appointed public defender, doesn't act under color of state law. Polk County v. Dodson, 454 U.S. 312 (1981). Mr. Ruby's claims against Deputy Public Defender Pinnow and Attorney Cook must also be dismissed.

To the extent Mr. Ruby is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." Heck v. Humphrey, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Mr. Ruby should file a habeas petition, to the extent he seeks relief only available through a habeas petition, he must file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and in forma pauperis form for his use, if he decides to file a habeas petition challenging his conviction.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte,* see Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary if the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009)

4

("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. No amendment would fix Mr. Ruby having sued the defendants that can't be liable to him under 42 U.S.C. § 1983.

Finally, the court turns to the motion for a preliminary injunction. Because the complaint doesn't state a claim upon which relief can be granted, the court denies the motion for a preliminary injunction.

For these reasons, the court:

    (1) DENIES the motion for preliminary injunction (ECF 4);

    (2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim; and

    (3) DIRECTS the clerk to send Brian K. Ruby a blank habeas corpus petition, AO-241 (Rev. 1/15) (Conviction, INND Rev. 8/16) and a blank prisoner in forma pauperis petition.

SO ORDERED on July 2, 2019

      /s/ Robert L. Miller, Jr.
      JUDGE
      UNITED STATES DISTRICT COURT